Travis HARKINS, Petitioner,

v.

Raymond ROBERTS, et al., Respondents.

Civil Action No. 3:96–CV–53BN.

United States District Court,
S.D. Mississippi,
Jackson Division.

Aug. 19, 1996.

Travis Harkins, Parchman, MS, Pro Se.

Jo Anne McFarland McLeod, Mississippi Attorney General's Office, Jackson, MS, for defendants.

## OPINION AND ORDER

BARBOUR, Chief Judge.

This cause is before the Court to determine whether to allow the Petitioner to proceed on appeal *in forma pauperis* and whether a certificate of appealability should be granted to the Petitioner. Petitioner has filed a Notice of Appeal and included in that Notice a request to proceed on appeal *in forma pauperis*. Petitioner has also filed a Request for a CPC (certificate of probable cause). Having reviewed the Petitioner's requests and the court file in this matter, the Court finds that Petitioner should not be allowed to proceed on appeal *in forma pauperis* nor should he be granted a certificate of appealability.

### I. *Procedural History*

On August 5, 1996, this Court entered an Order and a Final Judgment dismissing the Petitioner's claims with prejudice. In the Order, the Court considered the objections of the Petitioner to the Report and Recommendation of the United States Magistrate Judge. The Court found those objections to be without merit and adopted the Report and Recommendation of the United States Magistrate Judge as the opinion of the Court. Essentially, the Court concluded that Petitioner was procedurally barred from raising his claim for ineffective assistance of counsel because the state court had an adequate and independent ground for refusing to consider the merits of Petitioner's claim.

### II. *Analysis*

#### A. *Certificate of Appealability*

On April 24, 1996, the President signed into law the Anti-terrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, 110 Stat. 1214 (1996). In section 102 of that law, Congress amended 28 U.S.C. § 2253 to provide that a certificate of appealability, rather than a certificate of probable cause, is the appropriate mechanism for allowing a habeas petitioner to appeal a final judgment from a federal district court. *Id.,* § 102. That section further provides that only a circuit justice or judge may grant a certificate of appealability. *Id.* The amended statute also provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.*

In that same statute, Congress amended Rule 22 of the Federal Rules of Appellate Procedure, to conform with amended 28 U.S.C. § 2253, regarding the requirement for a certificate of appealability rather than a certificate of probable cause. *Id.,* § 103. In the rule as amended, however, Congress retained the language from former Rule 22 allowing a district judge to first determine whether a certificate of appealability should be granted. *Id.* Despite this conflict between 28 U.S.C. § 2253, as amended, and Rule 22 of the Federal Rules of Appellate Procedure, as amended, concerning which court has the authority to consider granting a certificate of appealability, this Court will proceed under the assumption that it has the ability to grant a certificate of appealability.

#### B. *In Forma Pauperis Status*

In his Notice of Appeal, Petitioner requests the Court to allow him to proceed *in forma pauperis* on appeal because he has been allowed to proceed under this status in this Court. Rule 24 of the Federal Rules of Appellate Procedure governs this inquiry and provides in relevant part:

Notwithstanding the provisions of the preceding paragraph, a party *who has been permitted to proceed in an action in the district court in forma pauperis,* or who has been permitted to proceed there as one who is financially unable to obtain adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization *unless,* before or after the notice of appeal is filed, *the district court shall certify that the appeal is not taken in good faith* or shall find that the party is otherwise not entitled so to proceed, in which event the district court

shall state in writing the reasons for such certification or finding.

Fed.R.App.P. 24(a) (emphasis added). The advisory committee notes to this rule make clear that the Rule does not alleviate the authority of the Court to prevent a frivolous appeal from being pursued by a *pro se* litigant:

> The [Rule] permits one whose indigency has been previously determined by the district court to proceed on appeal in forma pauperis without the necessity of a redetermination of indigency, *while reserving to the district court its statutory authority to certify that the appeal is not taken in good faith,* 28 U.S.C. § 1915-(a)....

Fed.R.App.P. 24 advisory committee's note (emphasis added).[1]

■ The United States Court of Appeals for the Fifth Circuit has set forth the standard which a district court must follow in deciding whether to grant a party leave to appeal in forma pauperis:

> Under 28 U.S.C. § 1915(a), a federal court may refuse to certify an appeal for in forma pauperis status if it is not taken in good faith. *See also* Fed.R.App.P. 24(a). "Good faith" is demonstrated when a party seeks appellate review of any issue "not frivolous." ... An investigation into the in forma pauperis movant's objective good faith, while necessitating a brief inquiry into the merits of an appeal, does not require that probable success be shown. The inquiry is limited to whether the appeal involves "legal points arguable on their merits (and therefore not frivolous.)"

*Howard v. King,* 707 F.2d 215, 219–220 (5th Cir.1983) (citations omitted). If the district court can discern the existence of any nonfrivolous issue on appeal, the movant's petition to appeal in forma pauperis must be granted. *Id.* at 220 (citation omitted). Furthermore, the district court should consider any pleadings and motions of a *pro se* litigant under less stringent standards than those applicable to licensed attorneys. *Haines v.*

*Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972).

As to the case presently before the Court, the Court finds that Petitioner's appeal is not taken in good faith and that he has no possibility of succeeding on appeal. The only issues which Petitioner raised in his objection to the Report and Recommendation of the United States Magistrate Judge were that his claim of ineffective assistance of counsel should not be procedurally barred and that he is actually innocent of the crime with which he was charged. The Court disposed of both of these claims. The Court concluded that Petitioner's claim for ineffective assistance of counsel was procedurally barred. The Court further concluded that Petitioner was only alleging that he was legally, rather than factually, innocent of the crime with which he was charged and convicted. Neither of these issues involves a legal point arguable on its merits and appeal of either, therefore, would be frivolous. Therefore, the Petitioner should not be allowed to proceed on appeal *in forma pauperis.*

### C. Petition for CPC

■ Petitioner also seeks a certificate of probable cause[2] in order to appeal the denial of his habeas petition to the United States Court of Appeals for the Fifth Circuit. Rule 22 of the Federal Rules of Appellate Procedure was recently amended by Congress and provides the standard for determining whether to grant a certificate of appealability to Petitioner. That rule provides in relevant part:

> In a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court, an appeal by the applicant for the writ may not proceed unless a district or a circuit judge issues a certificate of appealability pursuant to section 2253(c) of title 28, United States Code. If an appeal is taken by the applicant, the district judge who rendered the judgment shall either issue a certificate of appealability or state the reasons why such a certificate should not issue.

---

**1.** 28 U.S.C. § 1915(a) provides in part that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."

**2.** As noted previously, a certificate of probable cause is now known as a certificate of appealability. The Court, however, will use the two terms interchangeably in this opinion.

The certificate or the statement shall be forwarded to the court of appeals with the notice of appeal and the file of the proceedings in the district court. If the district judge has denied the certificate, the applicant for the writ may then request issuance of the certificate by a circuit judge.... If no express request for a certificate is filed, the notice of appeal shall be deemed to constitute a request addressed to the judge of the court of appeals.

Fed.R.App.P. 22(b) (as amended April 24, 1996). The United States Supreme Court addressed this issue prior to the amendment and concluded that "a certificate of probable cause requires petitioner to make a substantial showing of the denial of a *federal* right." *Barefoot v. Estelle*, 463 U.S. 880, 893, 103 S.Ct. 3383, 3394, 77 L.Ed.2d 1090 (1983) (emphasis added) (citations and internal quotations omitted). The standard for probable cause requires something more than the absence of frivolity and is higher than the good faith requirement of 28 U.S.C. § 1915. *Id.*[3] As stated previously, 28 U.S.C. § 2253 provides that a certificate of appealability may only be granted upon a "substantial showing of the denial of a *constitutional* right." 28 U.S.C. § 2253 (as amended April 24, 1996) (emphasis added). Because the claims asserted by the Petitioner are constitutional claims, the Court need not decide the extent to which the statute as amended now conflicts with existing case law discussing the substantial denial of a *federal* right.

■ The Court finds that Petitioner has not made the necessary showing that he has been denied a constitutional right. Petitioner simply disagrees with the findings of this Court that his claim for ineffective assistance is procedurally barred and that he is not factually innocent of the crime for which he was convicted. Absent any showing of the denial of a constitutional right, Petitioner is not entitled to a certificate of appealability.

### III. *Conclusion*

For the reasons set forth in this opinion, the Court finds that Petitioner should not be allowed to proceed on appeal *in forma pauperis* and that he is not entitled to a certificate of appealability. The Court advises Petitioner that if he disagrees with the finding of this Court regarding IFP status and the denial of a CPC, he may petition the Fifth Circuit for a review of these decisions. Rule 24(a) of the Federal Rules of Appellate Procedure provides that a motion for leave to proceed IFP may be filed in the court of appeals within 30 days after service of notice of the action of the district court. Therefore, Petitioner will have 30 days from the date of this opinion in which to petition the court of appeals for leave to proceed IFP. Regarding his request for a CPC, Petitioner may request the issuance of a certificate of appealability by a circuit court of appeals judge. Fed.R.App.P. 22(b). If Petitioner does not expressly make such a request, "the notice of appeal shall be deemed to constitute a request addressed to the judges of the court of appeals." *Id.*

IT IS THEREFORE ORDERED that Petitioner's Request for a CPC should be and hereby is denied.

IT IS FURTHER ORDERED that Petitioner shall not be allowed to proceed on appeal *in forma pauperis*.

---

3. Theoretically, because of the different standards for granting *in forma pauperis* status and for granting a certificate of appealability, a court in a particular case might grant *in forma pauperis* status but deny a certificate of appealability.